UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JIANG LING ZHEN,

                               Plaintiff,

           -against-

SAFETY-KLEEN SYSTEMS, INC.
and CHRISTOPHER MEYER,

                             Defendants.
-------------------------------------------------------------------------X

Civil Action No.: 1:18-cv-6015

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, JIANG LING ZHEN, by and through her attorneys, Gersowitz Libo & Korek, P.C., alleges the following upon information and belief:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is based upon 28 U.S.C.S. § 1332(a)(1), as it involves claims between citizens of different States and there is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00.

2. Venue is based upon 28 U.S.C. §1391(b)(2), in that the event which gives rise to the claim occurred in the County of Richmond, City and State of New York, and the within action is thereby properly brought in the United States District Court for the Eastern District of New York.

## PARTIES

3. That at all times herein, the Plaintiff, JIANG LING ZHEN was and is a resident of the County of Richmond, City and State of New York.

4. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. was and is a foreign corporation with its principal place of business in the State of Texas.

5. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. was and is duly licensed to do business within the State of New York

6. That at all times herein, the Defendant CHRISTOPHER MEYER was and is a resident of the Borough of Dunellen, County of Middlesex, State of New Jersey.

## AS AND FOR A FIRST CAUSE OF ACTION

7. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. owned a certain motor vehicle, to wit: a 2009 box truck bearing Illinois license and registration P66471S.

8. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER operated the aforedescribed motor vehicle.

9. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER operated the aforedescribed motor vehicle with the knowledge, consent, and/or permission, express or implied, of the Defendant, SAFETY-KLEEN SYSTEMS, INC.

10. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER operated the aforedescribed motor vehicle within the scope of his employment with the Defendant, SAFETY-KLEEN SYSTEMS, INC.

11. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER operated the aforedescribed motor vehicle pursuant to a contract with the Defendant, SAFETY-KLEEN SYSTEMS, INC.

12. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. maintained the aforedescribed motor vehicle.

13. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. managed the aforedescribed motor vehicle.

14. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. controlled the aforedescribed motor vehicle.

15. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC.

repaired the aforedescribed motor vehicle.

16. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. inspected the aforedescribed motor vehicle

17. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER maintained the aforedescribed motor vehicle.

18. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER managed the aforedescribed motor vehicle.

19. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER controlled the aforedescribed motor vehicle.

20. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER repaired the aforedescribed motor vehicle.

21. That at all times herein mentioned, the Defendant, CHRISTOPHER MEYER inspected the aforedescribed motor vehicle.

22. That at all times herein mentioned, Richmond Road at or near its intersection with Steuben Street, located in the County of Richmond, City and State of New York, was and still is a public roadway in constant use by residents of the said County and others.

23. That on September 7, 2017 at approximately 8:15 a.m.., the Plaintiff, JIANG LING ZHEN was lawfully a pedestrian at and about the aforedescribed location.

24. That on the date and at the time and location aforedescribed, the motor vehicle operated by the Defendant, CHRISTOPHER MEYER and owned by the Defendant, SAFETY-KLEEN SYSTEMS, INC. came into contact with the person of the Plaintiff, JIAN LING ZHEN.

25. That on the date and at the time and location aforedescribed, the motor vehicle operated by

the Defendant, CHRISTOPHER MEYER and owned by the Defendant, SAFETY-KLEEN SYSTEMS, INC. came into contact with the person of the Plaintiff, JIANG LING ZHEN as she was lawfully crossing Richmond Road in the crosswalk.

26. That on the date and at the time and location aforedescribed, the motor vehicle operated by the Defendant, CHRISTOPHER MEYER and owned by the Defendant, SAFETY-KLEEN SYSTEMS, INC. came into contact with the person of the Plaintiff, JIANG LING ZHEN by reason of the negligence, recklessness, and carelessness of the Defendants herein in the ownership, operation, maintenance, management, control, repair, and/or inspection of their motor vehicle as aforedescribed.

27. That Plaintiff was injured by reason of the negligence, recklessness, and carelessness of the Defendants herein in the ownership, operation, maintenance, management, control, repair, and/or inspection of their motor vehicle as aforedescribed.

28. That the negligence, carelessness, and recklessness of the Defendants consisted of the following: in striking with their motor vehicle the person of the Plaintiff; in failing to properly execute a left turn; in failing to operate their motor vehicle at the location aforedescribed with due regard to the presence of pedestrians thereat, including the Plaintiff; in failing to observe the person of the Plaintiff who was then and there in the crosswalk; in driving at an excessive rate of speed; in failing to keep the motor vehicle owned and operated by said Defendants under proper control; in failing to stop; in failing to slow down; in failing to obey traffic rules, regulations, signs and signals then and there existing; in failing to steer their motor vehicle so as to avoid the occurrence complained of; in failing to sound the horn of the motor vehicle or otherwise give warning of their approach; in failing to properly maintain their motor vehicle; in violating pertinent rules, regulations, ordinances and statutes of the City and State of New York; in failing to exercise due and reasonable care and caution to avoid the occurrence complained of; and in other respects, the Defendants

herein were negligent, careless and reckless in the ownership, operation, maintenance, management and control of their motor vehicle.

29. In addition, the Defendant, SAFETY-KLEEN SYSTEMS, INC. is vicariously liable for the negligence, recklessness and carelessness of the Defendant, CHRISTOPHER MEYER.

30. That the occurrence herein and the injuries sustained by the Plaintiff, JIANG LING ZHEN were caused solely by the negligence of the Defendants herein, without any negligence on the part of the Plaintiff contributing thereto.

31. That solely by reason of the negligence, recklessness and carelessness of the Defendants, as aforesaid, the Plaintiff, JIANG LING ZHEN was rendered sick, sore, lame, disabled, and bruised, sustained serious permanent and severe injuries in and about diverse parts of her person; including but not limited to, a right sacral wing fracture, bilateral superior rami fractures, a right femur fracture, a left lateral tibial plateau fracture with a partial ACL tear, bilateral ankle fractures, and internal degloving of both thighs and the right buttocks, and has experienced great pain and suffering and continues to suffer from said injuries; that said Plaintiff has been informed and verily believes said injuries to be of a permanent nature and the Plaintiff was and will be incapacitated for a long period of time and Plaintiff was compelled to and did seek medical aid, attention, and treatment and will in the future need same; and the Plaintiff has been caused to sustain a loss of wages and income and will in the future sustain a loss of wages and income; and the Plaintiff was in other ways damaged. Additionally, the Plaintiff will be compelled to seek additional medical care and treatment and the costs associated with same which has and will be necessary in the future.

32. That the Plaintiff, JIANG LING ZHEN has sustained a "serious injury" as defined in Section 5102 of the Insurance Law of the State of New York in that she sustained a "fracture."

33. That the within action falls within one or more of the exceptions set forth in New York State Civil Practice Law and Rules §1602 in that it involves the use or operation of a motor vehicle.

34. That solely by reason of the foregoing, the Plaintiff has been damaged as and for compensatory damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiff repeats, realleges and reiterates each and every allegation contained in the within Complaint designated paragraphs "1" through "34," together with the same force and effect as if fully set forth herein at length.

36. That at all times herein mentioned, the Defendant, SAFETY-KLEEN SYSTEMS, INC. hired and/or contracted with the Defendant, CHRISTOPHER MEYER to operate the aforedescribed motor vehicle.

37. That the Defendant, SAFETY-KLEEN SYSTEMS, INC. knew or, in the exercise of reasonable care, should have known, that the Defendant, CHRISTOPHER MEYER was ill-suited to perform the duties with which he was entrusted.

38. That had the Defendant, SAFETY-KLEEN SYSTEMS, INC. performed an adequate investigation into the background, character, and/or history of the Defendant, CHRISTOPHER MEYER, said investigation would have revealed that the Defendant, CHRISTOPHER MEYER was not a suitable candidate to be hired and/or retained to operate the Defendant, SAFETY-KLEEN SYSTEMS, INC.'s vehicles.

39. That during his tenure in the employ of the Defendant, SAFETY-KLEEN SYSTEMS, INC., the Defendant, CHRISTOPHER MEYER exhibited such behavior and a course of conduct which indicated and/or should have indicated to the Defendant, SAFETY-KLEEN SYSTEMS, INC. that the Defendant, CHRISTOPHER MEYER should not have been allowed to operate or continue to operate said Defendant's vehicles.

40. That by reason of the foregoing, the Defendant, SAFETY-KLEEN SYSTEMS, INC. was

negligent, reckless, and careless in the manner in which it hired and/or contracted with and/or otherwise retained the services of the Defendant, CHRISTOPHER MEYER.

41. That solely by reason of the foregoing, the Plaintiff has been damaged as and for compensatory damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## JURY DEMAND

42. Plaintiff, JIANG LING ZHEN, hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff demands judgment against the Defendants on the First and Second Causes of Action in a sum in excess of $75,000, together with the costs and disbursements of the within action.

Dated: New York, New York
       October 29, 2018

Yours, etc.,

EDWARD H. GERSOWITZ (EG 7701)
GERSOWITZ LIBO & KOREK, P.C.
Attorneys for Plaintiff
111 Broadway, 12th Floor
New York, New York 10006
(212) 385-4410
egersowitz@lawyertime.com