UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JIANG LING ZHEN,

            Plaintiff,

– against –

SAFETY-KLEEN SYSTEMS, INC. and
CHRISTOPHER MEYER,

            Defendants.

NOT FOR PUBLICATION

MEMORANDUM & ORDER

1:18-CV-06015 (ERK)(PK)

KORMAN, *J.*:

    Plaintiff Jiang Ling Zhen brings this motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) on the issue of liability in this diversity negligence action. Zhen was injured after being hit by a box truck owned by Defendant Safety-Kleen Systems, Inc. and operated by Safety-Kleen's employee Christopher Meyer. For the reasons described below, Zhen's motion for summary judgment is granted.

## BACKGROUND

    On September 7, 2017, Zhen was struck by a left-turning box truck while crossing Richmond Road on Staten Island. Zhen testified at her deposition that she was in the crosswalk and that there was a pedestrian walk signal in her favor when she was struck. Ex. B to Pl.'s Mot. Summ. J., Zhen Dep., at 23:17–25:4. Zhen recalled that the front or "head" of the truck struck her left side, causing her to fall to the ground. *Id.* at 30:23–31:3. According to Zhen, the truck's tires then ran over her two legs and hip area. *Id.* at 35:8–36:4, 39:15–20. Zhen testified that, after she

1

was struck, she sat on the ground until medics arrived and she was placed on a stretcher. *Id.* at 57:19–22.

An eyewitness to the accident, Joseph Mastroianni, also testified at his deposition that he saw Zhen step onto the Richmond Road crosswalk and stand still about three feet into the crosswalk. Ex. D to Pl.'s Mot. Summ. J., Mastroianni Dep., at 27:25–30:20, 35:15–36:2. Unlike Zhen, who testified that she was walking from west to east in the direction of the Staten Island Expressway, Mastroianni recalled that Zhen stepped onto Richmond Road off the southeast curb and was walking west. *Id.* at 27:25–36:2. Mastroianni saw the truck make a sharp left turn onto Richmond Road from Steuben Street. *Id.* at 32:17–33:10. Mastroianni momentarily lost sight of Zhen as the truck's cab passed through the Richmond Road crosswalk, and then regained sight of her legs, which were visible under the box portion of the truck. *Id.* at 43:2–45:10, 89:11–22. When the truck's rear driver-side tires passed in front of Zhen's position on the crosswalk, Mastroianni heard Zhen start screaming. *Id.* at 37:23–38:2, 46:5–19. Because the truck blocked his line of sight, Mastroianni did not see what part of the truck struck Zhen or whether it was the front or rear tires that ran over her legs. *Id.* at 42:8–48:7. Mastroianni recalled, however, seeing Zhen rolling around in the crosswalk at the same location she had been standing before she was struck. *Id.* at 63:9–64:11. Mastrioanni testified that the truck did not stop until it completed making the left turn onto Richmond Road. *Id.* at 39:16–40:15.

Two police officers arrived at the scene of the accident. Christina Hung, a probationary MTA police officer who was doing field training on Staten Island, saw Zhen lying in the crosswalk when she arrived. Ex. G to Pl.'s Mot. Summ. J., Hung Dep., at 11:8–10. Michael Gheller was the police officer who was dispatched to the scene of the accident. Ex. I to Pl.'s Mot. Summ. J., Gheller Dep. 17:14–19:11. When Gheller arrived, he saw Zhen being placed on a stretcher from

2

about five feet outside the crosswalk. *Id.* at 19:20–23:3, 84:21–85:3. Gheller observed that the stretcher was parallel to the ground and medics were about to lift Zhen up to wheel her to the ambulance. *Id.* at 22:19–23:3. Gheller also recalled that the box truck was parked with its back end partially in the crosswalk at the time he arrived. *Id.* at 38:12–39:2. The police report filed in connection with the accident indicates that Zhen was struck while in the crosswalk and had the right of way. Ex. A to Pl.'s Mot. Summ. J.

At his deposition, Defendant Meyer did not dispute that pedestrians crossing Richmond Road had the right of way as he began his left turn. Ex. E to Pl.'s Mot. Summ. J., Meyer Dep., at 67:22–68:15. Meyer testified that, at the time he made his left turn, there was a car parked in the Richmond Road crosswalk. *Id*. at 74:6–23. During his deposition, Meyer reviewed photographs that he claimed he took immediately after the accident, which depicted a car parked in the Richmond Road crosswalk. *Id.* at 96:11–25, 98:13–99:10. Meyer recollected that he was concerned that a pedestrian would try to cross the street in front of the parked car, which would require the pedestrian to cross outside of the crosswalk. *Id.* at 76:1–7. Due to the car parked in the crosswalk, Meyer testified that he had to make a wide left turn onto Richmond Road and entered part of the right lane while turning. *Id.* at 78:7–17.

Meyer testified that he never saw Zhen before the accident—either in the roadway or on the sidewalk—and he had no knowledge of where she came from. *Id.* at 85:23–86:15. According to Meyer, after he had fully completed his turn and the rear of his truck was approximately six feet beyond the crosswalk, he felt a "bump" on the driver's side rear tires of his truck. *Id.* at 57:7–11, 76:18–77:3. About one second after feeling the bump, Meyer looked in his driver's side mirror and saw Zhen lying on the roadway approximately six feet south of the crosswalk. *Id.* at 82:2–13, 83:7–12.

3

Defendants retained an accident reconstruction expert, Stephen Emolo, who went to the accident site with Meyer almost four months after the accident so that Meyer could recreate the left turn from Steuben Street onto Richmond Avenue that he made on the day of the accident. Ex. F. to Defs.' Opp'n, Emolo Aff., ¶¶ 5–6. Emolo also reviewed deposition testimony and other discovery related to this case. *Id.* ¶ 7. According to his sworn affidavit, Emolo opined that "the vehicle parked across the crosswalk along the eastern side of Richmond Road . . . would have prevented . . . Zhen[] from being in the crosswalk to complete her crossing." *Id.* ¶ 10. It was also Emolo's opinion that "there is no evidence to support that [Zhen] was thrown forward when contact occurred with the left side of the truck." *Id.* Thus, Emolo concluded, "based on Mr. Meyer's testimony that [Zhen] was six . . . feet outside the crosswalk at rest after the collision, and . . . Officer Gheller['s] testi[mony] [that Zhen] was outside the crosswalk by less than five . . . feet when he arrived" Zhen must have been outside of the crosswalk at the time of the accident—since she was required to walk around the car parked in the crosswalk and was not thrown forward on impact. *Id.* ¶ 11; *see also* Ex. E. to Defs.' Opp'n, Emolo Dep., at 67:7–69:7, 77:13–82:1.

## STANDARD OF REVIEW

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In determining whether there is a genuine dispute as to a material fact, [I] resolve all ambiguities and draw all inferences in favor of the non-moving party." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (internal citation omitted).

## DISCUSSION

**A. Zhen's Failure to Comply with the Local Rules**

4

Defendants argue that I should dismiss Zhen's summary judgment motion in its entirety because her motion did not include a Statement of Material Facts as required under Local Civil Rule 56.1 or a Memorandum of Law pursuant to Local Civil Rule 7.1. I decline to dismiss Zhen's motion on this basis. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Here, Zhen's attorney filed an Affirmation in Support of her motion for summary judgment, which cited and attached the relevant depositions and other discovery material that support the factual basis for her motion. The Affirmation in Support also contained an argument section, which cited the relevant legal authorities to support her motion. Defendants do not argue that they were prejudiced by Zhen's failure to comply with the Local Rules. "[I]n the interests of justice and a preference to resolve dispositive motions on the merits," I will overlook Zhen's technical failure to comply with the Local Rules in this case. *Cea v. Access 23 TV*, 2015 WL 5474070, at * 3 (S.D.N.Y. Sept. 15, 2015).

### B. No Genuine Issue of Fact Exists as to Whether Zhen Was in the Crosswalk with the Light in Her Favor at the Time She Was Struck

The Vehicle and Traffic Law (the "VTL") establishes the rules of the road for motorists and pedestrians in New York. *Heller v. Zumba*, 2018 WL 1737234, at *1 (S.D.N.Y. Apr. 9, 2018). "A violation of the VTL constitutes negligence *per se*." *Id.* (citing *McConnell v. Nabozny*, 110 A.D.2d 1060 (N.Y. App. Div. 4th Dep't 1985)). "VTL § 1112(a) provides that, in an intersection containing pedestrian control signals, pedestrians facing a 'walk' indicator or graphic 'may proceed across the roadway in the direction of the signal and shall be given the right of way by other traffic.'" *Lee v. Charles*, 986 F. Supp. 2d 277, 279 (S.D.N.Y. 2013). A pedestrian who is struck by a motorist is therefore entitled to summary judgment on the issue of liability if she "submit[s] evidence that shows while crossing the street, within the crosswalk, and the pedestrian

5

signal in [her] favor, . . . the defendant driver" failed to yield the right of way. *Heller*, 2018 WL 1737234 at *1 (quoting *Ljekperic v. Durst*, 38 Misc. 3d 1207(A) (N.Y. Sup. Ct. 2013)); *see also Maliakel v. Morio*, 185 A.D.3d 1018 (N.Y. App. Div. 2d Dep't 2020). The pedestrian is not entitled to summary judgment, however, if a genuine dispute exists as to whether she was in the crosswalk with the light in her favor at the time she was struck. *See Polanco v. Alhassan*, 104 A.D.3d 543 (N.Y. App. Div. 2013); *Wein v. Robinson*, 92 A.D.3d 578 (N.Y. App. Div. 1st Dep't 2012).

No genuine dispute exists about whether Zhen was in the crosswalk with the light in her favor. Defendants argue that "Meyer clearly testified that at the time of impact, his truck was outside of the crosswalk, and he had completed his left turn." Op. Br. at 9. While a driver's testimony "that his vehicle was past the crosswalk when the accident occurred [is] sufficient to raise a triable issue of fact as to whether plaintiff had the right-of-way," *Villaverde v. Santiago-Aponte*, 84 A.D.3d 506 (N.Y. App. Div. 1st Dept. 2011), Defendants mischaracterize Meyer's testimony. Meyer's belief that the accident occurred outside the crosswalk is based on his feeling a bump in his driver's side rear tires after he had completed his turn. Meyer Dep. 57:7–58:18. But Zhen testified that she was struck twice: first by the front or "head" of the truck and second when the truck's tires ran over her legs and hip area. Even drawing inferences in favor of Defendants that Meyer felt his tires run over Zhen while his truck was outside the crosswalk, he does not contradict Zhen's testimony that she was in the crosswalk when she was first struck. In fact, Defendants' own expert accident reconstructionist testified at his deposition that Meyer would not have felt the initial impact of his hitting Zhen. Emolo Dep. at 67:14–16. And Meyer himself testified that the first time he saw Zhen was one second after he felt the bump on his tire and witnessed her lying in the road. Meyer Dep. at 82:2–13, 83:7–12. Meyer's testimony is therefore

6

insufficient to raise a triable issue of fact. *See Sulaiman v. Thomas*, 54 A.D.3d 751, 752 (N.Y. App. Div. 2d Dep't 2008) (defendant's affidavit that he first saw plaintiff lying on the road after striking him was insufficient to raise triable issue of fact about whether plaintiff was in the crosswalk at the time of impact).

Nor does the fact that Zhen and Mastroianni differed in their testimony about the direction from which Zhen was coming as she crossed Richmond Road raise an issue of material fact. Both testified that Zhen was in the in the crosswalk when she was struck. What direction she was walking is immaterial to Zhen's negligence claim. "[M]inor, immaterial inconsistencies in . . . testimony," do not preclude summary judgement. *Robinson v. NAB Const. Corp.*, 210 A.D.2d 86, 87 (N.Y. App. Div. 1st Dep't 1994).

Finally, the affidavit and deposition testimony of Defendants' accident reconstruction expert, Stephen Emolo, fail to raise any dispute of material fact regarding Zhen's presence in the crosswalk at the time she was struck.[1] "[W]hile expert opinion may be helpful, summary judgment can be defeated only by the allegation of specific facts." *CL-Alexanders Laing & Cruickshank v. Goldfeld*, 739 F. Supp. 158, 164 (S.D.N.Y. 1990). An issue of fact at the summary judgment stage "cannot be established by mere speculation or idiosyncratic opinion, even if that opinion is held by one who qualifies as an expert." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 187, 193 (2d Cir. 1987).

Emolo's opinion that Zhen would have been outside of the crosswalk at the time she was struck is pure speculation. Emolo cannot rely on Meyer and Officer Gheller's testimony, as he does in his affidavit, to form his opinion that Zhen was outside the crosswalk at the time of impact.

---

[1] Because I find that, even if admissible, his opinions do not raise a dispute over any issues of material fact, I do not decide whether Defendant's accident reconstructionist would be qualified to testify as an expert at trial under Federal Rules of Evidence 702 and 703.

7

As explained above, Meyer never saw where Zhen was at the time he hit her, and his testimony that he saw Zhen lying outside of the crosswalk after he felt the truck's tires run over her does not contradict Zhen and Mastroianni's testimony that she was in the crosswalk at the time of first impact. And Officer Gheller, who never witnessed the accident, could only testify to Zhen's location at the time he saw her being placed onto the ambulance stretcher.

Further, and contrary to Emolo's expert opinion, the presence of a car in the crosswalk does not create a dispute of material fact. As Emolo's deposition testimony makes plain, the car's presence in the crosswalk would only possibly raise a disputable issue as to whether Zhen, *at some point*, was required to exit the crosswalk during her crossing. Emolo Dep. at 78:24–79:3 ("*At some point*, she still has to go out of the crosswalk. There's a car parked across the crosswalk. *So at some point* she has to go outside of the crosswalk to complete her crossing") (emphasis added). The car's presence in the crosswalk has no bearing on whether Zhen was in fact outside the crosswalk *at the time of impact*. Emolo's opinion that Zhen was at any particular point in her crossing when she was struck is entirely speculative because, as noted earlier, Emolo bases his opinion on Meyer's and Gheller's testimony about Zhen's rest position. *See Bien-Aime v. Clare*, 124 A.D.3d 814, 815 (N.Y. App. Div. 2d Dep't) (defendant's testimony that injured plaintiff was not in crosswalk was "speculative in view of his admission that he did not see the injured plaintiff until the impact had already occurred.").

In short, Emolo's opinion, as described in his affidavit and deposition testimony, cannot contradict Zhen and Mastroianni's testimony that Zhen was in the crosswalk at the time of impact. Accordingly, his opinion is insufficient to raise an issue of triable fact that can defeat summary judgment on the issue of Defendants' liability.

### C. Disputes of Fact Related to Zhen's Comparative Negligence Does Not Preclude Summary Judgment on the Issue of Liability.

The New York Court of Appeals has recently held that a defendant arguably raising an issue of fact regarding a plaintiff's comparative negligence does not preclude partial summary judgment in the plaintiff's favor on the issue of the defendant's liability. *Rodriguez v. City of New York*, 31 N.Y.3d 312, 316 (2018); *see also Heller*, 2018 WL 1737234, at *2. Instead, courts applying New York law are "to consider a plaintiff's comparative fault only when considering the amount of damages a defendant owes to plaintiff." *Rodriguez*, 31 N.Y.3d at 318. Therefore, to the extent Defendants have pointed to disputes about whether Zhen was attentive to the road or using her cell phone while crossing the street, those factual disputes are not sufficient to defeat Zhen's motion for summary judgment on the issue of Defendants' liability.[2]

## CONCLUSION

Plaintiff's motion for summary judgment on the issue of Defendants' liability is GRANTED.

                                                                          SO ORDERED.

                                                                  *Edward R. Korman*

Brooklyn, New York                                     Edward R. Korman
October 6, 2020                                       United States District Judge

---

[2] Because I hold that any dispute relating to Zhen's cell phone usage at the time of her accident could not create a dispute of material fact on the issue of Defendants' liability, I deny Defendants' motion to file supplemental motion papers on this issue, Dkt. 41, as moot.