| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| JIANG LING ZHEN, | **MEMORANDUM & ORDER** |
| Plaintiff, | |
| – against – | 1:18-CV-06015 (ERK)(PK) |
| SAFETY-KLEEN SYSTEMS, INC. and<br>CHRISTOPHER MEYER, | |
| Defendants. | |

KORMAN, *J.*:

I assume familiarity with the facts of this case. Defendants move for reconsideration of the partial grant of summary judgment in plaintiff's favor on the issue of defendants' liability. The principal issue on plaintiff's motion for summary judgment was whether, under New York law, she was entitled to summary judgment based on evidence that she was in the crosswalk when she was struck by defendants' truck and the absence of any direct testimony by the driver of the truck that he saw her outside the crosswalk when she was struck. On the motion for reconsideration, the defendants brought to my attention the underlying facts in an Appellate Division case, which appears to suggest that the New York law upon which plaintiff relied is not as clear as she argued.

1

Specifically, in *Villaverde v. Santiago-Aponte*, 84 A.D.3d 506 (1st Dep't 2011), as described by the trial court:

> [Defendant] was driving the vehicle on 10th Street and as he approached the Second Avenue, he observed the traffic light to be red. He stopped at the red light. There were no other vehicles in front of him. Nor did he observe any pedestrians on the sidewalk. He had a clear view of the intersection and did not observe anything in the intersection. When the light turned green, he turned right onto second avenue. Defendant Santiago-Aponte testified that the back of his van had already passed through the crosswalk, approximately two feet, when he felt something on his van. Defendant testified that he heard a clunk sound, looked through measurement mirror and did not see anything. He thought it was the hand truck so he proceeded slowly. He then felt the wheel go bump-bump and stopped the vehicle when he saw the plaintiff in the rear view mirror. He then stopped the van. He was approximately six to ten feet past the crosswalk.

*Villaverde v. M.A. Santiago-Aponte*, 2010 WL 7057846 at *2 (N.Y. Sup. Ct. Oct. 29, 2010), *rev'd* 84 A.D.3d 506. On these facts, the Appellate Division held that "the truck driver's testimony that his vehicle was past the crosswalk when the accident occurred was sufficient to raise a triable issue of fact as to whether plaintiff had the right-of-way." *Villaverde*, 84 A.D.3d at 506.

The facts in *Villaverde* are similar to the facts here. Defendant Meyer testified that, after he had fully completed his turn and the rear of his truck was approximately six feet beyond the crosswalk, he felt a "bump" on the driver's side rear tires of his truck. ECF No. 37-6 at 57. About one second after feeling the bump, he looked in his driver's side mirror and saw plaintiff lying on the roadway, approximately six

feet outside of the crosswalk. *Id.* at 81–83. Under these circumstances, it seems appropriate to have the jury resolve the issue of whether plaintiff was in the crosswalk at the time of impact.

As the leading treatise observes, even "in situations in which the moving party seems to have discharged its burden of demonstrating that no genuine issue of fact exists, the court retains some discretion to deny a Rule 56 motion. This is appropriate since even though the summary-judgment standard appears to have been met, the court should have the freedom to allow the case to continue when it has any doubt as to the wisdom of terminating the action prior to a full trial." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2728 (4th ed.) *see also Chevron v. Donziger*, 2013 WL 4482691, at *5 (S.D.N.Y. Aug. 22, 2013) (denial of partial summary judgment motion warranted by considerations of sound judicial administration); *Seixas v. Target Corp.*, 2017 WL 2178425, at *3 (E.D.N.Y. May 16, 2017) (same).

Indeed, similar considerations caution against granting partial summary judgment here. Even if partial summary judgment were granted, a jury would still be required to hear from the same witnesses and review much of the same evidence to determine whether plaintiff was comparatively negligent as it would to determine defendants' liability. New York is a pure comparative negligence state, and so even if defendants were liable as a matter of law, a jury could theoretically find plaintiff

3

to be 99% at fault and limit her damages accordingly. *See* Practice Commentaries to N.Y. C.P.L.R. § 1411 (McKinney 2013). Because the issue of plaintiff's comparative negligence will be tried, and a jury must compare defendants' negligence to plaintiff's comparative fault to determine damages, it makes little sense to remove the question of defendants' negligence from the jury at this stage. *Cf. Thibodeaux v. Travco Ins.,* 2014 WL 354656, at *2 (E.D.N.Y. Jan. 31, 2014) ("[I]t makes little sense to grant a motion to dismiss as to one or more [claim], as it may prove necessary to hold yet another trial in the event that it is determined on appeal that the motion to dismiss was improperly granted."); *Seixas,* 2017 WL 2178425, at *3. As Judge Clark observed, "fragmentary disposal of what is essentially one matter is unfortunate not merely for the waste of time and expense caused the parties and the courts, but because of the mischance of differing dispositions of what is essentially a single controlling issue." *Audi Vision Inc. v. RCA Mfg.*, 136 F.2d 621, 625 (2d Cir. 1943).

## CONCLUSION

The motion for reconsideration is granted.

SO ORDERED.

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
April 6, 2021

4